1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8                         ----oo0oo----

9

10   SULLIVAN CITTADINO,                No. 2:23-cv-00322 WBS JDP

11            Plaintiff,

12       v.                            MEMORANDUM AND ORDER RE:
                                       PLAINTIFF'S MOTION TO REMAND
13   BRANDSAFWAY SERVICES, LLC; BRAND
     INDUSTRIAL SERVICES, INC.;
14   BRANDSAFWAY INDUSTRIES, LLC;
     SAFWAY GROUP HOLDING, LLC; and
15   DOES 1 through 20, inclusive,

16            Defendants.

17

18                         ----oo0oo----

19          Plaintiff Sullivan Cittadino brought this action in

20   Solano County Superior Court against BrandSafway Services, LLC;

21   Brand Industrial Services, Inc.; BrandSafway Industries, LLC; and

22   Safway Group Holding, LLC (collectively "defendants"), alleging

23   breach of an implied employment contract, and violation of

24   California's Unfair Competition Law, Cal. Bus. & Prof. Code §

25   17200 et seq.  (Compl. (Docket No. 1-1).)  Defendants removed the

26   action to this court based on diversity.  (Notice of Removal

27

28

                                  1

1  (Docket No. 1).)  Plaintiff now moves to remand.[1]  (Mot. (Docket

2  No. 8).)

3          "Under 28 U.S.C. § 1441, a defendant may remove an

4  action filed in state court to federal court if the federal court

5  would have original subject matter jurisdiction over the action."

6  Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th

7  Cir. 2009).  Federal courts have original jurisdiction over cases

8  where complete diversity exists between the parties and the

9  amount in controversy exceeds $75,000, exclusive of interest and

10 costs.  28 U.S.C. § 1332(a).  Complete diversity requires that

11 each plaintiff is of a different citizenship than each defendant.

12 Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018).

13 There is a "strong presumption" against exercising removal

14 jurisdiction, which "must be rejected if there is any doubt as to

15 the right of removal in the first instance."  Gaus v. Miles,

16 Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations

17 omitted).

18 I.   Forum Selection Clause

19         Plaintiff first argues that the parties are bound by an

20 agreement containing a forum selection clause.  The agreement at

21 issue, titled "Confidentiality, Non-Solicitation and Invention

22 Assignment Agreement," provides in relevant part:

23     **Consent to Jurisdiction.**  Manager [plaintiff] hereby
       irrevocably submits to the jurisdiction of state courts in
24     Los Angeles County, California, in any action or proceeding
       arising out of or relating to this Agreement, and Manager
25     hereby irrevocably consents to personal jurisdiction in, and

26 _____

        [1]    The court takes this motion under submission and
27 decides it without the need for oral argument.  Defendant also
   moved to dismiss the case.  The court addresses that motion in a
28 separate order.

2

1
2
3
4

> agrees that all claims in respect to such action or proceeding may be heard and determined in any such court as selected by the Company . . . Nothing within this paragraph shall affect the Company's right to bring any action or proceeding against Manager in any court of competent jurisdiction.

(Docket No. 8-2 ¶ 14 (formatting in original).)

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's argument fails for multiple reasons. First, the agreement only pertains to confidentiality, non-solicitation, and invention assignments, none of which are at issue here.  (See generally id.)  Second, even if the agreement did cover this dispute, the agreement's consent to jurisdiction "does not mean that the same subject matter cannot be litigated in any other court," as it is "permissive rather than mandatory." See Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).  "In comparison, in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction."  Id.; see also Calisher & Assocs., Inc. v. RGCMC, LLC, No. cv-08-06523 MMM EX, 2008 WL 4949041, at *4 (C.D. Cal. Nov. 17, 2008), aff'd, 373 F. App'x 697 (9th Cir. 2010) ("A forum selection clause is permissive when the parties merely consent to bestow jurisdiction on a court without stating that the court has exclusive jurisdiction to hear their disputes."); Animal Film, LLC v. D.E.J. Prods., Inc., 193 Cal. App. 4th 466, 472 (Cal. 2d Dist. 2011) (explaining that California courts have found forum selection clauses to be mandatory only when they contain "language of exclusivity"). Accordingly, the agreement does not contain a forum selection clause precluding this court from exercising jurisdiction.

1   II.   Diquote{Diversity}

II.   <u>Diversity</u>

2          Plaintiff next argues that defendants' notice of

3   removal is deficient in that it fails to adequately identify the

4   citizenship of each relevant party.  This argument is perplexing,

5   as the notice of removal <u>does</u> in fact identify and explain the

6   citizenship of all relevant parties.  (<u>See</u> Notice of Removal ¶¶

7   13-21.)  In opposing this motion, defendants have also provided a

8   declaration explaining the citizenship of each party.  (<u>See</u> Decl.

9   of Bjorn Erland ("Erland Decl.") (Docket No. 17-1).)

10          There is one corporate defendant, Brand Industrial

11  Services, Inc.  "For purposes of determining diversity

12  jurisdiction, 'a corporation shall be deemed to be a citizen of

13  every State . . . by which it has been incorporated and of the

14  State . . . where it has its principal place of business.'"  <u>3123</u>

15  <u>SMB LLC v. Horn</u>, 880 F.3d 461, 462-63 (9th Cir. 2018) (quoting 28

16  U.S.C. § 1332(c)(1)).  Defendants state that Brand Industrial

17  Services, Inc.'s state of incorporation is Delaware and its

18  principal place of business is Georgia.  (Notice of Removal ¶¶

19  14-17; Erland Decl. ¶ 4.)  Because plaintiff does not appear to

20  dispute either of these representations, the court concludes that

21  Brand Industrial Services, Inc. is a citizen of Delaware and

22  Georgia.

23          There are three LLC defendants: BrandSafway Industries,

24  LLC; Safway Group Holding, LLC; and BrandSafway Services, LLC.

25  "For purposes of diversity jurisdiction, a limited liability

26  company is a citizen of every state of which its owners/members

27  are citizens."  <u>3123 SMB LLC</u>, 880 F.3d at 465 (internal quotation

28  marks omitted).  Defendants' notice of removal and declaration

                                    4

1    identify each member of each LLC, and plaintiff does not appear

2    to dispute the accuracy of these representations.  (See Notice of

3    Removal ¶¶ 19-21; Erland Decl. ¶¶ 2-6.)

4              BrandSafway Industries, LLC's sole member is Brand

5    Industrial Projects, LLC.  (See Notice of Removal ¶ 19; Erland

6    Decl. ¶ 3.)  Brand Industrial Projects, LLC's sole member is

7    Brand Shared Services, LLC, whose sole member is Brand Industrial

8    Services, Inc.  (Id.)  As discussed above, Brand Industrial

9    Services, Inc. is a citizen of Delaware and Georgia.  BrandSafway

10   Industries, LLC is therefore a citizen of Delaware and Georgia.

11             Safway Group Holding, LLC's sole member is Brand

12   Industrial Services, Inc.  (See Notice of Removal ¶ 20; Erland

13   Decl. ¶ 5.)  Brand Industrial Services, Inc. is a citizen of

14   Delaware and Georgia.  Safway Group Holding, LLC is therefore

15   also a citizen of Delaware and Georgia.

16             BrandSafway Services, LLC's sole member is Safway Group

17   Holding, LLC, whose sole member is Brand Industrial Services,

18   Inc.  (See Notice of Removal ¶ 21; Erland Decl. ¶ 6.)  Brand

19   Industrial Services, Inc. is a citizen of Delaware and Georgia.

20   BrandSafway Services, LLC is therefore also a citizen of Delaware

21   and Georgia.

22             Based on the foregoing, each plaintiff is of a

23   different citizenship than each defendant.  Accordingly, complete

24   diversity exists.  See Grancare, 889 F.3d at 548.

25             IT IS THEREFORE ORDERED that plaintiff's Motion to

26   Remand (Docket No. 8) be, and the same hereby is, DENIED.

27   Dated: May 7, 2023

     WILLIAM B. SHUBB
28
     UNITED STATES DISTRICT JUDGE