UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SULLIVAN CITTADINO,<br><br>             Plaintiff,<br><br>    v.<br><br>BRANDSAFWAY SERVICES, LLC; BRAND INDUSTRIAL SERVICES, INC.; BRANDSAFWAY INDUSTRIES, LLC; SAFWAY GROUP HOLDING, LLC; and DOES 1 through 20, inclusive,<br><br>             Defendants. | No. 2:23-cv-00322 WBS JDP<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

Plaintiff Sullivan Cittadino brought this action against BrandSafway Services, LLC; Brand Industrial Services, Inc.; BrandSafway Industries, LLC; and Safway Group Holding, LLC (collectively "defendants"), alleging breach of an implied employment contract, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (First Am. Compl. ("FAC") (Docket No. 21).)  The court previously

1

1  dismissed the complaint in its entirety.  (See Docket No. 20.)
2  Defendants now move to dismiss the First Amended Complaint.
3  (Docket No. 22.)

I.   Factual Background[1]

Plaintiff was an employee of defendants, which provide construction-related services, from 1992 to 2020.  (See FAC ¶¶ 12-13.)  During his 28 years of employment, plaintiff received multiple promotions and consistent annual raises, in addition to performance-based bonuses, retention bonuses, and stock options.  (See id. ¶¶ 12-14.)  In 2004, plaintiff was promoted to Branch Manager of defendants' Benicia, California branch.  (Id. ¶ 13.)  In 2012, he was promoted to Northwest Regional Vice President.  (Id.)

In July 2020, defendants notified plaintiff that he was going to be terminated in October 2020, but that they would try to find him a different position in the company beginning in 2021.  (Id. ¶ 28.)  No reason was given for the termination.  (Id.)  On July 30, 2020, defendants presented plaintiff with a proposed severance agreement that did not fully compensate plaintiff for his paid time off ("PTO") and contained a two-year noncompete clause.  (Id. ¶ 32.)  After plaintiff notified defendants that he was owed higher PTO compensation than the agreement provided for, defendants removed several provisions from the agreement that were favorable to plaintiff.  (Id.)  Defendants also tried to pressure plaintiff into accepting the lesser PTO compensation by falsely accusing plaintiff of "taking

---

[1]   All facts recited herein are as alleged in the First Amended Complaint unless otherwise noted.

documents" during his employment, and they stopped trying to find a new position for plaintiff. (Id.)  Plaintiff's employment ended on December 31, 2020.  (See id.)  The parties later reached a confidential settlement concerning the PTO payments following plaintiff's filing of a complaint with the California Employment Development Department.  (Id. ¶ 33.)

Defendants are required to maintain a license from the California Contractors State Licensing Board.  (See id. ¶ 42.) One of the licensure requirements is to designate a Responsible Managing Employee, who at the time of reporting must be working the lesser of 32 hours per week or 80% of the total hours per week that the business is operational.  (Id.)  At the time of his termination, plaintiff was the designated Responsible Managing Employee.  (Id.)  Defendants continued to identify plaintiff as the Responsible Managing Employee until February 18, 2021.  (Id. ¶ 49.)

II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when a complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has alleged "sufficient facts . . . to support a cognizable legal theory," id., and thereby stated "a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Courts are not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see Twombly, 550 U.S. at 555. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

III. Discussion

    A.    Breach of Implied Employment Contract

Plaintiff alleges that the parties had an implied contract guaranteeing that plaintiff would only be terminated for good cause. (FAC ¶ 38.) Defendants argue that plaintiff has not adequately alleged the existence of an implied employment contract.

Under California law, there is a strong statutory presumption of "at will" employment. See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 335 (2000) (citing Cal. Lab. Code § 2922). "An at-will employment may be ended by either party at any time without cause, for any or no reason . . . ." Id. (internal quotation marks omitted). The at-will presumption can be overridden by contractual agreement between employer and employee, either express or implied. Id. at 336.

In determining whether an implied employment contract exists under California law, courts examine "'the totality of the circumstances'" and look to a number of factors, including "'the

4

personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.'" Id. at 336-37 (quoting Foley v. Interactive Data Corp, 47 Cal. 3d 654, 680-81 (1988)). "Where there is no express agreement, the issue is whether other evidence of the parties' conduct has a tendency in reason to demonstrate the existence of an actual mutual understanding on particular terms and conditions of employment." Id. at 337 (internal quotation marks, citation, and emphasis omitted).

Here, plaintiff alleges that he had a long and successful employment history, which defendants rewarded with various forms of compensation, including retention bonuses. (FAC ¶ 14.) Plaintiff also alleges that he entered into written agreements with defendants that, while they contained no express for-cause protections, are evidence of the parties' agreement that he would only be terminated for good cause. Plaintiff states that these agreements -- including an Employee Shareholder Agreement, Employee Stock Option Agreement, and Confidentiality, Non-Solicitation and Invention Assignment Agreement -- were entered into "in consideration of [plaintiff's] . . . continued employment." (Id. ¶ 15.) These agreements were allegedly presented to plaintiff and a limited number of higher-level employees as a "retention incentive." (Id. ¶ 16.)

Defendants also provided plaintiff with a Management Incentive Compensation plan, which was also offered to a select few employees that defendants "intended to retain indefinitely"

due to the employees' value.  (Id. ¶ 19.)  In April 2019, defendants communicated the details of this plan to plaintiff, including an explanation that they intended to consistently continue the program "from year to year."  (Id. ¶ 18.)  Notably, defendants also allegedly provided a Retention Bonus payout plan "in conjunction with [their] repeated assurances of [plaintiff's] job security, and in exchange for [plaintiff's] commitment to continuing employment."  (Id. ¶ 20 (emphasis added).)

Collectively, these allegations are sufficient to support a breach of implied contract claim under California law.  See Foley, 47 Cal. 3d at 682 (trier of fact could find breach of an implied employment contract where the parties entered a noncompetition, information disclosure, and invention assignment agreement and plaintiff "alleged repeated oral assurances of job security and consistent promotions, salary increases and bonuses").  Accordingly, the court will deny the motion to dismiss the first claim for breach of an implied employment contract.[2]

---

[2] Defendants also argue that the First Amended Complaint improperly "commingles" allegations against the defendants by failing to specify which actions are attributable to each defendant, in violation of Rule 8.  The court finds this argument lacking in merit because the defendants here are all part of the same corporate structure that employed plaintiff.  Unlike the defendants in the cases relied upon by defendants, defendants here do not appear differently situated in a meaningful way and the manner of pleading does not appear to lead to undue confusion or uncertainty.  See McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir. 1996) (affirming dismissal of complaint where there were twenty individual and organizational defendants, and complaint was drafted such that it was "impossib[le]" to "figure[e] out which defendants were allegedly liable for which wrongs"); Doe v. WebGroup Czech Republic, No. 2:21-cv-0242 8VA PSK, 2022 WL 982248 (C.D. Cal. Jan. 13, 2022) (dismissing complaint that made

B.  Unfair Competition Law

As the basis of his UCL claim, plaintiff alleges that, following his termination, defendants continued to falsely represent plaintiff as their Responsible Managing Employee to the California Contractors State Licensing Board in order to comply with the board's licensing requirements.  (See FAC ¶¶ 42, 49.)  An individual suing under the UCL must have "suffered injury in fact" and "lost money or property."  Cal. Bus. & Prof. Code § 17204.

The First Amended Complaint does not contain any additional allegations that support statutory standing under the UCL and plaintiff's Opposition relies solely on inapposite authority.  (See FAC ¶¶ 41-50; Opp'n (Docket No. 24) at 7-9.)  Plaintiff has therefore failed to cure the defects the court identified in its previous order.  Accordingly, the court will dismiss plaintiff's second claim for violation of the UCL for the same reasons explained in the court's prior order.  (See Docket No. 20 at 7-8.)

The question now is whether plaintiff should be given leave to amend the UCL claim again.  Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading with the court's

---

identical allegations against more than a dozen foreign and domestic individuals and corporate entities); Destfino v. Kennedy, No. 08-cv-1269 LJO DLB, 2009 WL 1706095, at *5 (E.D. Cal. June 9, 2009), aff'd sub nom. Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011) (dismissing complaint that made identical allegations against more than 20 individual and organizational defendants, some of whom had been dismissed, in a way that created "ambiguity and uncertainty" and "unnecessarily complicate[d] the matter with superfluous pleadings").

7

leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 607 (9th Cir. 1992).

The court finds that further amendment of plaintiff's UCL claim would be futile.  Based on the foregoing analysis, the court does not see, and plaintiff's counsel has not pointed to, any possible set of facts that could cure the deficiencies of the UCL claim, to the extent it is based on defendants' representation of plaintiff as the Responsible Managing Employee.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 22) be, and the same hereby is, GRANTED as to plaintiff's second claim for violation of the UCL.  The motion is DENIED in all other respects.

Dated:  August 8, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE