UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SULLIVAN CITTADINO, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BRANDSAFWAY SERVICES, LLC; BRAND INDUSTRIAL SERVICES, INC.; BRANDSAFWAY INDUSTRIES, LLC; SAFWAY GROUP HOLDING, LLC; and DOES 1 through 20, inclusive,<br><br>          Defendants. | No. 2:23-cv-00322 WBS JDP<br><br>ORDER |

----oo0oo----

Defendants request to file under seal three employment-related agreements between the parties: (1) an Equity and Related Arrangements agreement, (2) a Management Incentive Compensation Plan, and (3) a Delegation of Authority agreement. (See Docket No. 43.)

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access. Kamakana v. City & County of Honolulu, 447 F.3d 1172,

1

1  1178 (9th Cir. 2006).  The party must "articulate compelling
2  reasons supported by specific factual findings that outweigh the
3  general history of access and the public policies favoring
4  disclosure, such as the public interest in understanding the
5  judicial process."  Id. at 1178-79 (citation omitted); see also
6  Ctr. for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1098-
7  99 (9th Cir. 2016) (explaining that the compelling reasons
8  standard should apply to all motions which are correlated to the
9  underlying cause of action).  In ruling on a motion to seal, the
10 court must balance the competing interests of the public and the
11 party seeking to keep records secret.  Kamakana, 477 F.3d at
12 1179.
13         The Ninth Circuit has recognized that an example of a
14 compelling reason for sealing records includes "sources of
15 business information that might harm a litigant's competitive
16 standing."  Ctr. For Auto Safety, 809 F.3d at 1097 (quoting Nixon
17 v. Warner Commc'ns, Inc., 435 U.S. 539, 598 (1978)).
18         Defendants' request states only that "the Documents
19 contain commercially sensitive or private financial information
20 and highly confidential company procedures and BrandSafway would
21 be harmed if this information were generally known."  (Docket No.
22 43 at 2.)
23         This boilerplate statement alone does not outweigh the
24 history of access and public policies favoring disclosure to the
25 public.  A party must still "articulate compelling reasons
26 supported by specific factual findings."  Kamakana, 447 F.3d at
27 1178.  "Simply mentioning a category of privilege, without any
28 further elaboration or any specific linkage with the documents,

1  does not satisfy the burden." Id. at 1184.

2       Defendants provide no further guidance as to what type
3  of sensitive information these documents contain that would merit
4  an order sealing the documents from public view.  Therefore, the
5  court must deny defendants' request to seal.  The court will
6  consider a more tailored request which identifies the specific
7  information to be redacted or sealed and articulates the bases
8  for redacting or sealing such information.

9       IT IS THEREFORE ORDERED that defendants' request to
10 seal (Docket No. 43) be, and the same hereby is, DENIED WITHOUT
11 PREJUDICE.

12 Dated:  October 8, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE