UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SULLIVAN CITTADINO, an
individual,

             Plaintiff,

     v.

BRANDSAFWAY SERVICES, LLC;
BRAND INDUSTRIAL SERVICES, INC.;
BRANDSAFWAY INDUSTRIES, LLC;
SAFWAY GROUP HOLDING, LLC; and
DOES 1 through 20, inclusive,

             Defendants.

No. 2:23-cv-00322 WBS JDP

ORDER

----oo0oo----

       Defendants request to file under seal three employment-related agreements between the parties: (1) an Equity and Related Arrangements agreement, (2) a Management Incentive Compensation Plan, and (3) a Delegation of Authority agreement. (See Docket No. 47.)  The court previously denied a request to seal the same documents. (Docket No. 44.)

       A party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual

1

1  findings that outweigh the general history of access and the

2  public policies favoring disclosure, such as the public interest

3  in understanding the judicial process." Kamakana v. City &

4  County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  In

5  ruling on a motion to seal, the court must balance the competing

6  interests of the public and the party seeking to keep records

7  secret.  Id. at 1179.

8         Defendants contend that the documents contain material

9  that would potentially harm defendants if revealed, namely

10  information regarding employee compensation and how authority is

11  delegated within the company.  (See Docket No. 47-2 ¶ 4.)  While

12  the Ninth Circuit has recognized that "business information that

13  might harm a litigant's competitive standing" presents a

14  compelling reason to seal documents, Ctr. for Auto Safety v.

15  Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016),

16  defendants' request is far too broad and plainly encompasses

17  information that would not harm their competitive standing if

18  revealed.  The documents at issue total more than 80 pages, much

19  of them containing mere boilerplate language.  But rather than

20  proposing redactions of specific pages or provisions, defendants

21  seek to seal the documents in their entirety.  Because defendants

22  have failed to provide "compelling reasons" to do so, the court

23  will deny the request.  See Kamakana, 447 F.3d at 1178-79.

24         IT IS THEREFORE ORDERED that defendants' request to

25  seal (Docket No. 47) be, and the same hereby is, DENIED WITHOUT

26  PREJUDICE.

27  Dated:  November 6, 2024

               WILLIAM B. SHUBB
               UNITED STATES DISTRICT JUDGE

28