UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SULLIVAN CITTADINO,<br><br>         Plaintiff,<br><br>    v.<br><br>BRANDSAFWAY SERVICES, LLC; BRAND INDUSTRIAL SERVICES, INC.; BRANDSAFWAY INDUSTRIES, LLC; SAFWAY GROUP HOLDING, LLC; and DOES 1 through 20, inclusive,<br><br>         Defendants. | No. 2:23-cv-00322 WBS JDP<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

       Plaintiff Sullivan Cittadino alleges breach of an implied employment contract by defendants BrandSafway Services, LLC; Brand Industrial Services, Inc.; BrandSafway Industries, LLC; and Safway Group Holding, LLC.[1]  Defendants now move for summary judgment.  (Docket No. 42.)

---

[1] The court previously dismissed plaintiff's claim alleging violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.  (See Docket No. 29.)

1

             Plaintiff is a former employee of defendants, which provide construction-related services.  His employment ended on December 31, 2020.  (Docket No. 42-2 ¶ 20.)  Plaintiff contends that he was terminated without good cause in violation of an implied-in-fact contract established by the parties' conduct, including verbal assurances of continued employment, performance bonuses, and designation as the company's Responsible Managing Employee.  (See Docket No. 45-2 ¶¶ 1-3, 5.)  Defendants argue that they are entitled to summary judgment on the implied contract claim because he remained an at-will employee, as demonstrated by several written agreements signed by plaintiff.  Plaintiff's claim is easily disposed of.

             Under California law, there is a strong statutory presumption of "at will" employment.  See Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 335 (2000) (citing Cal. Lab. Code § 2922).  "An at-will employment may be ended by either party at any time without cause, for any or no reason . . . ."  Id. (internal quotation marks omitted).  The at-will presumption can be overridden by contractual agreement between employer and employee, whether express or implied.  Id. at 336.

             It is well-established that under California law, "'[t]here cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results.'"  Starzynski v. Cap. Pub. Radio, Inc., 88 Cal. App. 4th 33, 38 (3d Dist. 2001) (quoting Camp v. Jeffer, Mangels, Butler & Marmaro 35 Cal. App. 4th 620, 630 (2d Dist. 1995)); see also Tomlinson v. Qualcomm, Inc., 97 Cal. App. 4th 934, 945 (4th Dist. 2002) (same); Comeaux v. Brown & Williamson

                                    2

1  Tobacco Co., 915 F.2d 1264, 1272 n.7 (9th Cir. 1990) (same).  The
2  existence of a valid express contract precludes enforcement of
3  any contradictory implied contract.  See Meisner v. JPMorgan
4  Chase Bank, N.A., No. 2:20-cv-01766 KJM CKD, 2022 WL 837230, at
5  *5 (E.D. Cal. Mar. 21, 2022) (citing Series AGI W. Linn of Appian
6  Grp. Inv'rs DE, LLC v. Eves, 217 Cal. App. 4th 156, 168-69 (1st
7  Dist. 2013)) ("Neither an implied contractual term nor the
8  implied covenant of good faith and fair dealing can be enforced
9  in contradiction of an express contract term."); Prostar Wireless
10 Grp., LLC v. Domino's Pizza, Inc., 360 F. Supp. 3d 994, 1011
11 (N.D. Cal. 2018), aff'd, 815 F. App'x 117 (9th Cir. 2020) ("A
12 valid express agreement precludes a contradictory implied
13 contract embracing the same subject matter.").
14         This rule applies equally to employment-related
15 contracts concerning an employee's at-will status.  Accordingly,
16 California courts have held that "an at-will provision in an
17 express written agreement, signed by the employee, cannot be
18 overcome by proof of an implied contrary understanding."  See
19 Guz, 24 Cal. 4th at 340 n.10 (collecting cases); see also Dore v.
20 Arnold Worldwide, Inc., 39 Cal. 4th 384, 391-93 (2006) (where an
21 express employment agreement unambiguously establishes employee's
22 at-will status, that agreement controls even if there is
23 extrinsic evidence to the contrary); Enloe Med. Ctr. v. Principal
24 Life Ins. Co., No. 2:10-cv-2227 KJM, 2011 WL 6396517, at *6 (E.D.
25 Cal. Dec. 20, 2011) (quoting Halverson v. Aramark Unif. Servs.,
26 Inc., 65 Cal. App. 4th 1383, 1390 (3d Dist. 1998)) ("'[A]n
27 implied-in-fact promise not to terminate except for good cause
28 cannot contradict the contractual at-will provision.'");

1  Salsgiver v. Am. Online, Inc., 147 F. Supp. 2d 1022, 1029 (C.D.
2  Cal. 2000), aff'd, 32 Fed. App'x. 894 (9th Cir. 2002) ("[A]n
3  implied-in-fact agreement not to terminate without good cause
4  cannot arise when there is an express agreement providing that
5  employment is at will.").
6        Here, it is undisputed that the parties entered into
7  several agreements that contained language indicating plaintiff
8  was an at-will employee.  First, the Management Incentive
9  Compensation Plan dated April 17, 2019 and signed by plaintiff
10 states: "Nothing in this bonus plan changes the nature of your
11 employment.  Either you or the Company can terminate your
12 employment at any time, with or without cause."  (See Docket No.
13 42-2 ¶¶ 6-7; Docket No. 49 at 132.)
14       Second, the Confidentiality, Non-Solicitation and
15 Invention Assignment Agreement signed by plaintiff on December 8,
16 2017 contains a section titled "Employment Remains At-Will,"
17 which states:

> The Company and Manger specifically agree and acknowledge that nothing contained within this Agreement shall alter in any manner Manager's at-will employment status.  Unless otherwise agreed to in a separate written agreement signed by the Company and the Manager, both the Company and Manager remain free at all times to voluntarily terminate the employment relationship at any time and for any reason not prohibited by law.  Manager agrees and acknowledges that this Agreement shall continue in full force and effect if he or she is transferred to one or more other subsidiaries, divisions or affiliates of the Company.

25 (See Docket No. 42-2 ¶¶ 4-5; Docket No. 49 at 127-28.)
26       Finally, the Employee Stock Option Agreement also
27 signed by plaintiff on December 8, 2017 contains a section titled
28 "No Right to Continued Employment," which provides: "Nothing in

4

1  this Agreement shall be deemed to confer on the employee any
2  right to continue in the employ of the Company or any Subsidiary,
3  or to interfere with or limit in any way the right of the Company
4  or any Subsidiary to terminate such employment at any time."
5  (See Docket No. 42-2 ¶¶ 1-2; Docket No. 49 at 107.)
6           These agreements establish plaintiff's at-will status
7  in two ways.  First, the compensation plan and confidentiality
8  agreement expressly declare that plaintiff was an at-will
9  employee.  (See Docket No. 42-2 ¶ 6 ("Either you or the Company
10 can terminate your employment at any time, with or without
11 cause."); ¶ 4 ("[B]oth the Company and Manager remain free at all
12 times to voluntarily terminate the employment relationship at any
13 time and for any reason . . . .").)  Second, all three agreements
14 presuppose that plaintiff's employment was already considered at-
15 will.  (See id. ¶ 6 ("Nothing in this bonus plan changes the
16 nature of your employment."); ¶ 4 ("[N]othing contained within
17 this Agreement shall alter in any manner Manager's at-will
18 employment status . . . ."); ¶ 2 ("Nothing in this Agreement
19 shall be deemed to confer on the employee any right to continue
20 in the employ of the Company or any Subsidiary.").)  Thus, the
21 agreements demonstrate an express, written understanding that
22 plaintiff was an at-will employee predating his termination by
23 several years.
24          Plaintiff does not dispute that he signed these
25 documents or that they contained the cited language.  Plaintiff
26 merely states that he "never had a written employment contract"
27 with defendants.  (Docket No. 45-2 ¶ 4.)  However, an "'express
28 term is controlling [over an implied term] even if it is not

5

1  contained in an integrated employment contract.'"  Starzynski, 88
2  Cal. App. 4th at 38 (quoting Camp, 35 Cal. App. 4th at 630); see
3  also Tomlinson v. Qualcomm, Inc., 97 Cal. App. 4th 934, 945 (4th
4  Dist. 2002) (same); Cruey v. Gannett Co., 64 Cal. App. 4th 356,
5  362 (1st Dist. 1998) (same); Fischler Kapel Holdings, LLC v.
6  Flavor Producers, LLC, No. 2:19-cv-10309 ODW GJS, 2021 WL
7  2920610, at *9 (C.D. Cal. July 12, 2021) (same).  The at-will
8  provisions in the agreements discussed above therefore control.

9       It is not possible to conclude that the parties were
10 bound by an implied agreement establishing for-cause protections,
11 as such an agreement would contradict the written agreements
12 signed by plaintiff that expressly established his at-will
13 status.  Accordingly, defendants are entitled to summary judgment
14 in their favor.  See Starzynski, 88 Cal. App. 4th at 38 (finding
15 no triable issue of material fact as to plaintiff's claim for
16 breach of implied contract based on termination without cause
17 where plaintiff "signed [a] document acknowledging his employment
18 was at-will").

19       IT IS THEREFORE ORDERED that defendants' motion for
20 summary judgment (Docket No. 42) be, and the same hereby is,
21 GRANTED.  The Clerk of Court is directed to enter judgment in
22 defendants' favor and close the case.

23 Dated:  November 13, 2024

            WILLIAM B. SHUBB
            UNITED STATES DISTRICT JUDGE